IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD WILLIAMS, | ) | No. C 12-1116 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANTS |
| v. | ) ) | TO FILE DISPOSITIVE MOTION OR NOTICE |
| CASTILLO, et al., | ) ) | REGARDING SUCH MOTION |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis in a separate order. For the reasons below, the court orders service upon defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

In his complaint, plaintiff alleges that for a period of 31 days, defendants deprived him of a working toilet, and was not given the opportunity to use a working toilet. Plaintiff alleges that he informed defendants of the defunct toilet, but none of the defendants attempted to rectify the situation. As a result, plaintiff alleges that his toilet was filled with feces and urine. Liberally construed, plaintiff has stated a cognizable claim of cruel and unusual punishment.

Plaintiff also lists "Doe" defendants. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See id. Should plaintiff discover the identities of the Doe defendants, he may move to amend his complaint to include them in this action at a later date.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.     The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Correctional Officers Ceballos, Castillo, Beattle, Tovar, Curry, Pato, Ceja, Machuca, Mejia,** and **Rodriguez** at **SVSP.**

The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3.      No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

   a.      If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

1      4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and
2 served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is
3 filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex
4 Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come
5 forward with evidence showing triable issues of material fact on every essential element of his
6 claim).

7      5.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's
8 opposition is filed.

9      6.    The motion shall be deemed submitted as of the date the reply brief is due.  No
10 hearing will be held on the motion unless the court so orders at a later date.

11     7.    All communications by the plaintiff with the court must be served on defendants
12 or defendants' counsel, by mailing a true copy of the document to defendants or defendants'
13 counsel.

14     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
15 No further court order is required before the parties may conduct discovery.

16     9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
17 and all parties informed of any change of address and must comply with the court's orders in a
18 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
19 pursuant to Federal Rule of Civil Procedure 41(b).

20     IT IS SO ORDERED.
21 DATED: _____            /s/ Ronald M. Whyte
                                RONALD M. WHYTE
22                              United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES E WILLIAMS,

        Plaintiff,

  v.

CASTILLO, et al,

        Defendant.

Case Number: CV12-01116 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Williams V-54214
Salinas Valley State Prison
Housing: A-5-143
P.O. Box 1050
Soledad, CA 93960

Dated: October 12, 2012

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk