IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CASTILLO, et al.,<br><br>　　　　Defendants. | No. C 12-1116 RMW (PR)<br><br>ORDER GRANTING MOTION TO RECONSIDER; ORDER RE-OPENING CASE |

　　　　March 6, 2012, plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On March 28, 2012, the court directed plaintiff to file a completed application for leave to proceed in forma pauperis ("IFP") within thirty days. On June 6, 2012, having received no completed application for leave to proceed IFP from plaintiff, the court dismissed this action and closed the case. On August 3 and August 12, 2012, plaintiff filed responses to the order of dismissal. On August 17, 2012, plaintiff filed an amended complaint and a completed application for leave to proceed IFP. The court construes plaintiff's August 3 and August 17, 2012 responses as a motion to reconsider.

　　　　Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake,

Order Granting Motion to Reconsider; Order Re-Opening Case
G:\PRO-SE\SJ.Rmw\CR.12\Williams116rec.wpd

1 inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due
2 diligence could not have been discovered before the court's decision; (3) fraud by the adverse
3 party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason
4 justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th
5 Cir. 1993).  Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting
6 relief is not covered by any of the other reasons set forth in Rule 60.  Samish Indian Tribe v.
7 Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).  "Although the application of Rule 60(b) is
8 committed to the discretion of the district courts . . . , as a general matter, Rule 60(b) is remedial
9 in nature and must be liberally applied."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691,
10 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted).

11 　　　　The court GRANTS plaintiff's motion to reconsider, and RE-OPENS this case.  The
12 clerk shall STRIKE plaintiff's amended complaint (docket no. 15) because it merely refers to the
13 original complaint.  The court shall screen the complaint in a separate order.

14 　　　　IT IS SO ORDERED.
15 DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
16 　　　　　　　　　　　　　　　　United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES E WILLIAMS,

        Plaintiff,

  v.

CASTILLO, et al,

        Defendant.

Case Number: CV12-01116 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Williams V-54214
Salinas Valley State Prison
Housing: A-5-143
P.O. Box 1050
Soledad, CA 93960

Dated: October 12, 2012

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk